IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICTOR GAMBOA-MORALES,                                    CV 06-1031-MA

                    Petitioner,                          OPINION AND ORDER

        v.

JEAN HILL,
Superintendent, Snake River
Correctional Institution,

                    Respondent.

        THOMAS J. HESTER
        Assistant Federal Public Defender
        101 SW Main Street, Suite 1700
        Portland, OR  97204

              Attorney for Petitioner

        HARDY MEYERS
        Attorney General
        YOULEE YIM YOU
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, OR  97301-6313

              Attorneys for Respondent

MARSH, Judge:

        Petitioner, an inmate in the custody of the Oregon

Department of Corrections, brings this habeas corpus proceeding

pursuant to 28 U.S.C. § 2254.  For the reasons set forth below,

petitioner's habeas corpus petition (#1) is denied.

1 - OPINION AND ORDER

**BACKGROUND**

Petitioner was convicted on January 2, 2002 of one count of Rape in the Second Degree and one count of Sexual Abuse in the First Degree.  Resp. Ex. 101.  Petitioner's victim was a 12 year old girl with whom he had sexual intercourse on approximately three occasions in September 2001.  Petitioner's age at the time of these events is a matter in dispute.  When he was arrested Petitioner stated he was born November 7, 1979.  If this is Petitioner's correct birthdate, he is nearly nine years older than his victim.  However, on October 8, 2001, when the victim called Petitioner from a Springfield Police Department telephone line, Petitioner told her that he would turn 18 the following month, November 2001.  He immediately corrected himself, stating that he would be turning 17 in November 2001.  If the latter assertion were true, Petitioner would only have been 3 years older than his victim at the time the offense conduct occurred. Notably, in the case at bar Petitioner alleges he was born on November 7, 1985, which means he would have been 15 at the time of the October 8, 2001 recorded telephone call (not 16 or 17, as he stated during the call), and at the time the charged offenses were committed.

On February 1, 2002 appointed counsel John Kolego filed a motion to withdraw petitioner's guilty plea, arguing, in essence,

that the plea was not knowing and voluntary because Mr. Kolego had not advised Petitioner of the "absolute defense" against sexual abuse charges based on a victim's "incapacity to consent," when "the actor was less than three years older than the victim at the time of the alleged offense." *See* ORS 163.345(1). According to Mr. Kolego's affidavit in support of this motion, two days after entering his plea of "guilty," petitioner informed Mr. Kolego that he was actually 16 years old, that he was born on November 7, 1985, and that he had not previously revealed this information because he entered the United States illegally and lied to the Oregon Department of Motor Vehicles (DMV) in order to obtain an Oregon Driver's License (ODL), which stated that Petitioner was born on November 7, 1979.  In support of this contention, Mr. Kolego offered a birth certificate for Petitioner that "purported" to be from Mexico, but which was found to be fraudulent.  Resp. Ex. 105 at 5, 9-10.  Upon this discovery, Mr. Kolego withdrew as counsel and Robert Manders was appointed to represent Petitioner.  Res. Ex. 128.

On March 21, 2002 Mr. Manders asked the court to postpone ruling on petitioner's plea withdrawal until "new" birth certificates that had allegedly been located in Guatemala could be authenticated by Guatemalan authorities.  Instead, the court denied Petitioner's Motion to Withdraw his Guilty Plea and

proceeded to sentencing.  The court sentenced petitioner to concurrent 75 month sentences for each count.  Resp. Ex. 101

Petitioner did not directly appeal his convictions.  He filed for post-conviction relief (PCR) in Umatilla County Court Case No. CV 02-1790.  At the PCR court trial only one of the five claims in his petition remained unresolved by the state's summary judgment motion.  That claim alleged Petitioner's trial counsel failed to adequately investigate the case and to prepare for plea, trial and sentencing because he failed to discover Petitioner's true age, which "would have aided in Petitioner's defense before the Petitioner plead guilty."  Resp. Ex. 134.

### PCR Court's Findings of Fact

The PCR court made 20 findings of fact, including, *inter alia*: (I) Petitioner indicated on his plea petition that he was born November 7, 1979; (ii) the first time he mentioned anything to Mr. Kolego about being born in 1985 was two days after pleading guilty; (iii) the Mexican documents, provided by Petitioner's sister, purporting to show Petitioner was born in 1985, were forgeries; (iv) if Petitioner was really born November 7, 1985, he was not telling the truth when he asserted to his victim that he was 16 years old on October 8, 2001; (v) Petitioner told all his employers prior to his arrest that he was born November 7, 1979; (vi) Petitioner obtained multiple forms of identification and licensing from three Oregon DMV offices, and

each time he reported that he was born November 7, 1979; (vii)
from May 1999 to the time of his arrest, Petitioner was cited for
a number of traffic violations, and each time he told law
enforcement he was born November 7, 1979; (viii) Petitioner has
not produced a single genuine document that was located in Oregon
prior to his arrest showing that he was born in 1985; (ix)
Petitioner's trial testimony was not credible; and (x)
Petitioner's sister's trial testimony was not credible.  Resp.
Ex. 134.

<u>PCR Court's Conclusions of Law</u>

Based on these findings of fact, the PCR court concluded
that (I) "in the underlying criminal proceedings resulting in
[P]etitioner's conviction, [P]etitioner was not denied the right
to assistance of counsel, as guaranteed by either the United
States Constitution and as articulated by the United States
Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984),
or the Constitution of the State of Oregon"; and (ii) "Petitioner
did not prove any of his claims by a preponderance of the
evidence."  *Id*.

Accordingly, the PCR court denied relief on all of
Petitioner's claims.  Resp. Ex. 135.  Petitioner appealed, but
the Oregon Court of Appeals affirmed without opinion (Resp. Ex.
140) and the Oregon Supreme Court denied review (Resp. Ex. 139).
Notably, in his petition for review to Oregon's Supreme Court,

5 - OPINION AND ORDER

Petitioner only asserted one claim: that his guilty pleas were unlawful because trial counsel performed ineffectively by failing to advise him he had a complete defense to the charges if he were within three years of the age of the victim.  Resp. Ex. 138.

On July 18, 2006, Petitioner filed for habeas corpus relief with this Court, alleging the following grounds for relief:

> <u>Ground One</u>: Petitioner was deprived of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments due to his trial counsel's failure to inform him of the nature of the charges to which he was pleading guilty and potential defenses and to investigate any such defenses.  In particular, trial counsel failed to inform petitioner that he had a complete defense to the charges if his age was within three years of that of the alleged victim, which it was.
>
> <u>Ground Two</u>: Petitioner was deprived of his right to due process under the Fourteenth Amendment of the United States Constitution when:
>
> 1.  The trial court failed to ensure that he understood the charges to which he was pleading guilty and failed to ascertain his age or date of birth at the change of plea hearing;
>
> 2.  Due to his trial counsel's ineffectiveness in failing to inform him that being less than three years older than the alleged victim was a complete defense, he entered an involuntary and uninformed plea;
>
> 3.  The trial court, after the issue was raised, refused to allow petitioner to withdraw his guilty plea or to grant petitioner additional time to establish his age; and
>
> 4.  He, as a minor, was convicted by a court that lacked jurisdiction over him.

Ground Three: Petitioner was deprived of his right to due
process under the Fourteenth Amendment and to be free from
cruel and unusual punishment under the Eight Amendment when
he was convicted of crimes of which he was actually
innocent.

## DISCUSSION

**I.    Procedural Default**

**A.    Standards**

Generally, a state prisoner must exhaust all available state
court remedies either on direct appeal or through collateral
proceedings before a federal court may consider granting habeas
corpus relief.  *See* 28 U.S.C. § 2254(b)(1).  A petitioner must
seek discretionary review in the state's highest court in order
to fully exhaust his state remedies.  *O'Sullivan v. Boerekel*, 526
U.S. 838 (1999).

To satisfy the exhaustion requirement, a prisoner must
fairly present his federal claims to the state courts.  *Baldwin
v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896,
911 (9th Cir. 2004).  A fair presentation requires a prisoner to
state the facts that entitle him to relief, and to reference the
federal source of law on which he relies, or a case analyzing the
federal constitutional guarantee on which he relies, or to simply
label his claim "federal."  *Baldwin*, 541 U.S. at 32; *Gray v.
Netherland,* 518 U.S. 152, 162-63 (1996).  It is not enough that

7 - OPINION AND ORDER

all the facts necessary to support the federal claim were available to the state courts, or that somewhat similar claims were made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

When a habeas petitioner fails to raise a federal claim in state court the claim is procedurally defaulted and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993). "A 'fundamental miscarriage of justice' occurs when 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 495-496 (1986)).

The actual innocence exception to procedural default is not a constitutional claim itself, "but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995)(citing *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

In essence, a petitioner facing a procedural bar must satisfy a two-part test in order to pass through the "*Schlup

8 - OPINION AND ORDER

gateway."  First, the petitioner must produce new, reliable evidence that was not presented at trial to supplement his constitutional claim with a colorable showing of factual innocence.  *Schlup*, 513 U.S. at 324.  Such evidence may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."  *Id*.

Second, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id*. at 327-28.  In other words, a petitioner "need only present evidence of innocence strong enough 'that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'"  *Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir. 1997)(quoting *Schlup*, 513 U.S. at 316). In considering this new evidence, the court is not bound by the rules of admissibility.  *Id*.

### B.  Analysis

In his Memorandum in Support of his Petition for Habeas Corpus Relief Petitioner concedes that he failed to present his Fourteenth Amendment due process claims, contained in Grounds Two and Three of his petition, to the Oregon Supreme Court.  *See* Resp. Ex. 138.  Petitioner asks this Court to excuse any

procedural default of his due process claims because he is
"actually innocent," and therefore his conviction is the result
of a fundamental miscarriage of justice.  Petitioner contends his
"actual innocence" is demonstrated by newly obtained Guatemalan
birth records showing that he was within three years of his
victim's age, and therefore that he is actually innocent of the
crimes for which he was convicted.

Respondent maintains that Petitioner's "new" evidence is not
reliable enough for the Court to conclude, under the second prong
of the *Schlup* test, that more likely than not no reasonable juror
would have found Petitioner guilty of statutory rape.  Respondent
argues that a reasonable juror would not conclude that
Petitioner's true birthdate is November 7, 1985 on the basis of
Guatemalan birth records because (I) the United States State
Department cautions against accepting these types of records, and
the records themselves contain unexplained inconsistencies; (ii)
prior to Petitioner's arrest in October 2001 there was not a
single piece of corroborating evidence in existence in Oregon
showing Petitioner's birthdate as November 7, 1985, whereas (iii)
a great deal of evidence existed in Oregon prior to Petitioner's
arrest showing Petitioner's true birthdate as November 7, 1979.

For all of the reasons outlined in Respondent's Response to Petitioner's Memorandum in Support of Petition for Habeas Corpus Relief, I concur with Respondent that it is not more likely than not that no reasonable juror would have found Petitioner guilty of the crimes for which he was committed on the basis of the "new" evidence purporting to show Petitioner was born in Guatemala on November 7, 1985.

Having failed to meet the *Schlup* gateway standard, Petitioner cannot meet the even higher burden imposed by *Herrera v. Collins*, 506 U.S. 390, 417 (1993), of establishing a freestanding actual innocence claim. *See also Carriger v. Stewart*, 132 F. 3d 463, 476 (9th Cir. 1997). In his Memorandum in Support of his Petition for Habeas Corpus Relief Petitioner argues that his detention is cruel and unusual, in contravention of the Eighth Amendment, because he is innocent. He argues that his innocence is evidenced by the "documents and witness testimony showing that he was within three years of the age of the victim." In addition to the above referenced documents, the evidence Petitioner refers to includes statements from his own mother stating that she does not remember when Petitioner was born. This is simply not sufficient evidence to affirmatively

prove that he is probably innocent of the crime for which he was convicted.

In summary, Petitioner's Grounds Two and Three are procedurally defaulted, and habeas corpus relief is denied.

## II.  Merits

### A.    Standards

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's determination of a factual issue "shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  Petitioner carries the burden of rebutting this presumption of correctness by clear and convincing evidence.  *Id*.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court

cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409.

A state court decision can be overturned for legal error only if the state court's application of Supreme Court case law was "objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001). Federal courts "may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

**B. Analysis**

In Ground One, Petitioner alleges his Sixth Amendment right to effective assistance of counsel was violated because trial counsel "failed to inform [him] that he had a complete defense to the charges if his age was within three years of that of the

alleged victim. . ."  According to Petitioner, this Court should review his ineffective assistance of counsel claim *de novo* because the PCR court applied the wrong standard of review when it concluded that Petitioner's Sixth Amendment rights were not violated.

Under *Strickland v. Washington*, 466 U.S. 668, 694 (1987), a petitioner claiming ineffective assistance of trial counsel must show (1) that counsel's performance was deficient, or that it fell below an objective standard of reasonableness, and (2) that the deficiency prejudiced the petitioner, as there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Id*. at 690.  Failure to make the required showing on either prong defeats the ineffectiveness claim.

When a habeas petitioner challenges a guilty plea based on ineffective assistance of counsel, the "deficient performance prong" of the *Strickland* test requires petitioner to show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)(citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  To satisfy the "prejudice prong," petitioner must show

14 - OPINION AND ORDER

a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

Petitioner argues that the PCR court misapplied the second prong of *Strickland* by requiring Petitioner to show trial counsel's alleged errors prejudiced him by a preponderance of the evidence, which Petitioner argues is a higher burden than the *Strickland* "reasonable probability" inquiry.

As noted, above, the PCR court concluded that Petitioner was not denied effective assistance of counsel "as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), or the Constitution of the State of Oregon." The PCR court also stated that "Petitioner did not prove any of his claims by a preponderance of the evidence." *Id.* This second conclusion clearly refers to the PCR court's finding that Petitioner did not meet his evidentiary burden of proving all of the facts underlying his claims of ineffective assistance of counsel by a preponderance of the evidence. *See e.g. Davis v. Woodford*, 333 F. 3d 982, 991 (9th Cir. 2003)("The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief."); *Alcala v. Woodford*, 334 F. 3d 862, 869 (9th Cir. 2003)(a habeas petitioner "must prove

all facts underlying his claims of ineffective assistance by a
preponderance of the evidence").  Thus, I do not find any merit
to Petitioner's argument that the PCR court applied the wrong
standard to his claims.  Accordingly, the PCR court's findings
and conclusions are entitled to deference.

Petitioner has failed to rebut the presumption of
correctness afforded the PCR court's finding of facts, including
that Petitioner was born on November 7, 1979.  Instead he argues
that trial counsel's advice was deficient because "it was
incumbent upon [Petitioner's] counsel to inquire further" about
Petitioner's age, even though Petitioner told trial counsel he
was born November 7, 1979, and "to advise him of the affirmative
defense available for a defendant who is within three years of
age of the alleged victim."  Petitioner further argues his trial
counsel was on notice that "age presented a potential defense"
because of Petitioner's inconsistent statements about his age to
the victim in the above referenced recorded telephone
conversation.

I concur with Respondent that counsel cannot be faulted for
failing to suggest a defense to a client that would be completely
inconsistent with the information provided by the client and the
preponderance of the record evidence.  Moreover, since there was

16 - OPINION AND ORDER

not any reliable evidence to support the conclusion that
Petitioner's age was within three years of the age of his victim
it is highly unlikely that counsel would have changed his
recommendation to Petitioner to plead guilty even if he had
advised Petitioner of this affirmative defense.  Accordingly, I
do not find any merit to this argument, nor any error in the PCR
court's application of *Strickland*.  Habeas corpus relief is
denied.

### CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition
(#3) is denied.

IT IS SO ORDERED.

DATED this _27 day of November, 2007.

/s/  Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge

17 - OPINION AND ORDER